WISNIEWSKI v KELLY

Docket No. 103253. Submitted December 6, 1988, at Lansing. Decided February 22, 1989.

Carl Wisniewski and the Glen Iris Community Association brought an action in Oakland Circuit Court against Michael Kelly, Fred T. Bruflodt and others. Plaintiff association, a nonprofit incorporated association of owners of land located in six subdivisions near Proud Lake in Commerce Township, sought declaratory and injunctive relief against defendants, subdivision residents who were not members of plaintiff association and who had attempted to prevent plaintiffs from making improvements on two lots designated under the deed executed by the original owner of the property prior to subdivision as lake-access lots for use by the residents of the subdivisions. The trial court, Fred M. Mester, J., issued a judgment in favor of plaintiffs. Defendants appealed.

The Court of Appeals *held:*

The trial court did not err in concluding that plaintiff association has the right to make decisions on behalf of all lot owners as to improvements on the two lots in question and that the improvements were well within the purposes for which the lots were dedicated.

Affirmed.

1. Deeds — Restrictive Clauses — Judicial Construction.

A court, in construing a restrictive clause of a deed, seeks to ascertain the intention of the parties from the language used and the surrounding circumstances; the parties are presumed to have intended a reasonable construction and all doubts are generally resolved by adopting a construction which does not produce unusual or unjust results.

2. Deeds — Restrictive Clauses — Property Owners Association.

A voluntary association made up of most of the property owners in a subdivision located near a lake, some lots of which subdivi-

References

Am Jur 2d, Covenants, Conditions, and Restrictions §§ 5, 6, 185 *et seq.*

See the Index to Annotations under Covenants; Deeds.

sion were dedicated under the deed executed by the original owner of the property prior to subdivision as lake-access lots for use by the residents of the subdivision, may decide on behalf of all property owners as to whether improvements consistent with the purposes for dedication should be made.

*Robert G. Moir,* for plaintiff.

*William John Beer,* for defendants.

Before: Danhof, C.J., and Hood and R. L. Tahvonen,* JJ.

Per Curiam. Defendants appeal as of right from an order of the Oakland Circuit Court granting declaratory and injunctive relief to the plaintiff. We affirm.

Plaintiff association is a nonprofit incorporated association of owners of land located in six subdivisions in Commerce Township. Membership in the association is voluntary. In 1926, the original owner of all the land reserved Lots 6 and 19 of the Kenneth Heights Subdivision for the use of all residents as access to Proud Lake for recreational purposes.

This action arose in 1984 when plaintiff association attempted to make improvements on Lot 19 and two of the individual defendants stood in front of the bulldozer that was to commence work on the lots. Following an August 10, 1987, hearing, the circuit court set forth the following uncontroverted facts in its opinion and order:

In 1982, after a properly announced meeting of the association, improvement plans were made for Lots 6 and 19. At that time, seventy-two percent of the property owners of the area described were members of the association. At the time of the hearing, eighty-four percent were members. The

* Circuit judge, sitting on the Court of Appeals by assignment.

association designated Lot 6 as the boat lot and in the summer of 1983, without objection, graded the lot, installed telephone poles as boat moorings and made plans to place trees to screen the lot from the adjacent landowners.

In 1984, the association's attempt to implement the Lot 19 plan was stopped by individual defendants who stood in front of the bulldozer. The association's plan was to terrace Lot 19 with railroad ties to prevent erosion and create a path to the water, remove the trash, level the beach front and cover it with sand in order to make a beach for residents. The plan envisioned maintaining a ten-foot leeway on both sides for trees to be planted to secure the privacy of adjacent lots and to clear a beach area which is marshy and mosquito-ridden.

The plaintiffs filed this action to restrain defendants from interfering with the improvements. The defendants claim that the plaintiff association does not represent them as adjacent lot owners and that the plaintiff association has no power to make decisions for all the residents regarding Lots 6 and 19. The defendants further argue that even if the plaintiff association has the power to make decisions, these particular improvements are not within the purposes described by the grantor.

Our first concerns are the authority of the plaintiff association to make decisions regarding Lots 6 and 19 and to bring this action.

Appellants refer us to *Sanborn v McLean,* 233 Mich 227; 206 NW 496 (1925), and *Eveleth v Best,* 322 Mich 637; 34 NW2d 504 (1948), for the contention that reciprocal negative easements are never retroactive and can only be created by a common grantor. However, unlike *Sanborn* and *Eveleth,* the restrictions in this case were imposed by the common grantor. The question before the trial

court was how best to interpret those restrictions to realize their best purpose, not whether the restrictions existed.

In construing written conveyances, the court seeks to ascertain the intention of the parties from the language used and the surrounding circumstances. *Thies v Howland,* 424 Mich 282, 293; 380 NW2d 463 (1985); 4 Tiffany, Real Property (3d ed), § 977, p 89. The parties are presumed to have intended a reasonable construction and the courts generally resolve all doubts by adopting a construction which does not produce unusual or unjust results. Tiffany, *supra,* § 981.1, p 122.

There is no dispute that in 1926, the original grantor of the six local subdivisions in question dedicated two lots, numbers 6 and 19 of the Kenneth Heights Subdivision, as access lots to Proud Lake. According to the parties, all deed restrictions established by the grantor provided, in part, that all the owners and occupants of the subdivision lots were to have common use of Lots 6 and 19 to pass to and from the lake "for the purposes of boating, bathing and fishing, with the right to construct and use docks." The parties further agree that the filed restrictions also reserved to the owner

> the full right, power and authority . . . to make all such reasonable rules and regulations as he may deem advisable and to exercise such police power over said subdivision as a municipal corporation might do if said lands were within the limits of any municipal corporation; and said police powers may be by said owner granted to and exercised by any association of individual lot owners formed for the purpose of promoting peace and order on said subdivisions.

The grantor, during his lifetime, never granted

to any association the powers he had reserved to himself. However, as noted by the trial court: "Clearly, the deed holder anticipated the need for an association of lot owners to manage those areas of the subdivision which were outside the authority and jurisdiction of an individual lot owner." That the grantor failed to grant these powers to an association during his lifetime is not fatal to a finding that the residents could act to sustain and improve the lots for their stated purpose by acting in concert through an association of the individual lot owners. As noted by the trial court, it would not be reasonable to tell the residents they have a right to enjoy and use the lots and then deny them the right to make decisions to ensure that use and enjoyment.

Plaintiff association is a Michigan nonprofit corporation apparently open to all persons owning homes in the relevant area. During the relevant time period, the membership included seventy to eighty-four percent of the affected property owners. It appears that the association gave all owners notice of their activities and plans and acted through an elected board of directors. The court's determination that plaintiff could act to achieve the stated purpose of the deed was a reasonable interpretation of the grantor's original intent. This finding is not clearly erroneous and will not be overturned. *Thies, supra.*

Having found that the association has the right to make decisions for all residents as to Lots 6 and 19, the court was also correct in finding it had standing to bring this action. *White Lake Improvement Ass'n v City of Whitehall,* 22 Mich App 262, 272; 177 NW2d 473 (1970).

The trial court also found that the association's plan was within the scope of the original dedication. As noted above, Lots 6 and 19 were originally

intended to be used as access to the lake for all owners for the purposes of "boating, bathing and fishing" and the construction and use of docks. The court visited the two lots and, having heard the testimony, concluded it was "satisfied that the minimal improvements the association plans to make on Lots 6 and 19 are proper and within its jurisdiction. The association is not intending to change the uses or topography of the two lots. It intends only to ensure better and safer access to the two lots and to make the lots more appropriate for the uses set out in the 1926 deed." The court also appointed a third party to oversee the proposed modifications to be sure that the natural environment was maintained. Neither the record nor the briefs convince us that the court's decision was clearly erroneous. *Thies, supra.*

Affirmed.